```
Hugo Torbet
Attorney at Law, SBN 147650
3223 Webster St.
San Francisco, CA 94123
Telephone: (415) 986-9400
Fax: (415) 358-8650
email: hugotorbet@yahoo.com

Attorney for Plaintiff
```

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INCLINE TEXAS, LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>PEARSON, SIMON & WARSHAW, LLP, PARAVUE CORPORATION, LAUREN BARGHOUT, ZORAN KURTOVIC, and DOES 1 through 25, inclusive,<br><br>    Defendants. | No.<br><br>COMPLAINT FOR LEGAL AND EQUITABLE RELIEF<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Incline Texas, LLC, avers that:

1. <u>Jurisdiction</u>. This is an action between citizens of different states in which the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1).

2. <u>Venue</u>. At least one defendant resides in this judicial district, and all defendants are residents of California. 28 U.S.C. § 1391(b)(1).

3. <u>Intradistrict Assignment</u>. This case arises in San Francisco County. Civil L.R. 3.2(c).

///

Complaint for Legal and Equitable Relief    1

1. <u>Parties</u>

4. Plaintiff Incline Texas, LLC, is a limited liability company which has its domicile and principal place of business in Texas. It is in good standing.

5. Defendant Pearson, Simon & Warshaw, LLP, is a limited liability partnership. Plaintiff is informed and believes, and thereon alleges, that it is a California business entity, that it is, as it must be, registered with the State Bar of California, and that its principal place of business is in San Francisco County.

6. Defendant Paravue Corporation is a Delaware corporation, which has its principal place of business in Alameda County. In addition, plaintiff is informed and believes, and thereon alleges, that it is the alter ego of defendant Lauren Barghout, and that it is not in good standing in California, its registration to transact intrastate business in California having been forfeited by the Franchise Tax Board.

7. Defendant Lauren Barghout is an individual. She is domiciled in California, and she is a resident of Alameda County. Plaintiff is informed and believes, and thereon alleges, that she is the alter ego of defendant Paravue Corporation.

8. Defendant Zoran Kurtovic is an individual. He is domiciled in California, and he is a resident of Alameda County.

9. Plaintiff does not know the true names and capacities of the defendants sued herein as Does 1 though 10, inclusive. As such, they are sued by fictitious designation. Plaintiff is informed and believes, and thereon alleges, that each is liable under the facts plead herein. Plaintiff will amend this

1 complaint to include their true names and capacities as soon as
2 they are learned.

3     10. Plaintiff does not know the true names and capacities
4 of the defendants sued herein as Does 11 though 25, inclusive.
5 As such, they are sued by fictitious designation. Plaintiff is
6 informed and believes, and thereon alleges, that each is liable
7 under the facts plead herein. Plaintiff will amend this
8 complaint to include their true names and capacities as soon as
9 they are learned.

10     11. In doing or failing to do the things they are herein
11 alleged to have done or failed to do, each of the defendants was
12 the agent, employee, joint venturer, or co-conspirator of each of
13 the other defendants and was acting within the course and scope
14 of the agency, employment, joint venture, or conspiracy.

15                            2. <u>Claims</u>

16                   FIRST CLAIM FOR RELIEF

17                      Breach of Contract

18               (vs Pearson, Simon & Warshaw, LLP)

19     12. Plaintiff hereby incorporates by reference the
20 allegations in Paragraphs 1 to 5, 9, and 11, as though fully set
21 forth herein.

22     13. On or about April 9, 2014, plaintiff and defendants
23 formed a contract, a true copy of which is attached hereto as
24 Exhibit A. The contract is hereby incorporated by reference as
25 though set forth herein verbatim.

26     14. Plaintiff performed all of its obligations under the
27 contract, except those which it was prevented or excused from
28 performing.

Complaint for Legal and Equitable Relief    3

15. On or about November 30, 2014, defendants breached the contract by failing to return the money which plaintiff entrusted to them within thirty days of having stopped representing defendant Paravue Corporation.

16. Defendants' breach of the contract has proximately caused plaintiff to suffer damages of $200,000.00.

## SECOND CLAIM FOR RELIEF
## Breach of Fiduciary Duty
## (vs Pearson, Simon & Warshaw, LLP)

17. Plaintiff hereby incorporates by reference the allegations in Paragraphs 12 and 13 as though fully set forth herein.

18. Pursuant to the contract with defendants and to the contract with defendant Paravue Corporation, a copy of which is attached hereto as Exhibit B, plaintiff entrusted $200,000.00 to defendants.

19. Plaintiff is informed and believes, and thereon alleges, that defendants still have the $200,000.00 which plaintiff entrusted to them, and that they are retaining it in an attorney-client trust account.

20. As trustees of plaintiff's money, defendants owe, and at all relevant times, have owed, plaintiff the duty to act with the utmost good faith for the benefit of plaintiff.

21. Defendants breached their fiduciary duties to plaintiff by failing to return plaintiff's money within thirty days of having stopped representing defendant Paravue Corporation.

22. Defendants' breach of their fiduciary duties has proximately caused plaintiff to suffer damages of $200,000.00.

THIRD CLAIM FOR RELIEF

Breach of Contract

(vs Paravue Corporation, Barghout, and Kurtovic)

23.  Plaintiff hereby incorporates by reference the allegations in Paragraphs 1 to 4, 6 to 8, 10, 11, and 13 to 15, as though fully set forth herein.

24.  On or about April 9, 2014, plaintiff and defendants formed a contract, a true copy of which is attached hereto as Exhibit B.  The contract is hereby incorporated by reference as though set forth herein verbatim.

25.  Plaintiff performed all of its obligations under the contract, except those which it was prevented or excused from performing.

26.  In the period from about October 30, 2014, to November 30, 2014, defendants breached the contract by directing their attorneys, defendants Pearson, Simon & Warshaw, LLP, not to return plaintiff's money within thirty days of their having stopped representing defendants or at any time subsequent thereto.

27.  Defendants' breach of the contract has proximately caused plaintiff to suffer damages of $200,000.00.

FOURTH CLAIM FOR RELIEF

Inducing Breach of Contract

(vs Paravue Corporation, Barghout, and Kurtovic)

28.  Plaintiff hereby incorporates by reference the allegations in Paragraphs 23 and 26, as though fully set forth herein.

29.  At all times relevant hereto, defendants knew of

plaintiff's contract with defendant Pearson, Simon & Warshaw, LLP, and intended to induce a breach thereof.

30. Defendants' directions to defendant Pearson, Simon & Warshaw, LLP, were wrongful and unjustified, and did, in fact, proximately cause a breach of plaintiff's contract with defendant Pearson, Simon & Warshaw, LLP.

31. Defendants' wrongful and unjustified conduct proximately caused plaintiff to suffer damages of $200,000.00.

## FIFTH CLAIM FOR RELIEF
## Fraud
(vs Paravue Corporation, Barghout, and Kurtovic)

32. Plaintiff hereby incorporates by reference the allegations in Paragraphs 1 to 4, 6 to 8, 10, and 11, as though fully set forth herein.

33. On or about April 9, 2014, defendants represented to plaintiff that they were solvent.

34. In justifiable reliance on this representation, plaintiff entered into the contract with defendants a copy of which is attached hereto as Exhibit B.  Further, in justifiable reliance on this representation, plaintiff advanced $200,000.00 to defendant Pearson, Simon & Warshaw, LLP, incurred a $5,000.00 processing fee, and incurred a broker's commission of $20,000.00.

35. Plaintiff is informed and believes, and thereon alleges, that defendants' representation was, in fact, false, which is a fact that plaintiff did not know at the time.

36. Defendants' fraud has proximately caused plaintiff to suffer damages of $225,000.00.

///

3. <u>Prayer</u>

Wherefore, plaintiff prays judgment as follows:

1. That the court impose a constructive trust over plaintiff's money, which is in the possession of defendant Pearson, Simon & Warshaw, LLP;

2. That plaintiff recover damages against defendants in the sum of $225,000.00;

3. That plaintiff be awarded pre-judgment interest at the legal rate on its damages;

4. That plaintiff be awarded a reasonable attorney fee; and

5. That plaintiff be granted all other just relief.

Dated: July 24, 2015

Respectfully submitted,

/s Hugo Torbet
Attorney for Plaintiff

DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial to the extent permitted by law.

Dated: July 24, 2015

Respectfully submitted,

/s Hugo Torbet
Attorney for Plaintiff