Exhibit B

# PURCHASE AGREEMENT

This purchase agreement ("Agreement") dated April 9, 2014 is between Paravue Corporation, a Delaware Corporation ("Seller"), and Incline Texas LLC ("ITex"), a Texas LLC or assigns. The address for Sellers is 3420 Rubin Drive, Oakland, CA 94602. The address for ITex is 4214 Kachina Drive, Austin, TX, 78735. The two directors that are executing this Agreement on behalf of Seller are Lauren Barghout, CEO and Director of Seller, and Zoran Kurtovic, Director of Seller.

- Seller is selling a share and security interest in the non-recourse contingent proceeds ("Proceeds") from its bankruptcy claims ("Lawsuit") against the estate of the Heller Ehrman LLP ("Heller") and the defendant insurance carriers that insured Heller, in the United States Bankruptcy Court, Northern District of California.

- The term "Proceeds" will include any money or real or personal property that Seller receives (prior to any liens) as a consequence of Seller's Lawsuit. This includes any settlements or judgments, disbursements from the bankruptcy estate and also includes funds received from defendant insurance carrier(s) and any additional defendants that are added to the Lawsuit or any related lawsuits against the defendants.

- The share of the Proceeds from the Lawsuit is being sold to ITex for the sum of $225,000.00. Of this

$225,000.00, $200,000.00 will be wired to the client's attorney trust account at Pearson Simon Warshaw LLP, $5,000.00 is being charged as a processing fee and $20,000.00 will be paid by ITex to LawCapital for introducing the parties.

- Prior to this Agreement, there were no security interests or liens against the Proceeds other than for legal fees and expenses.

- Seller hereby grants ITex a security interest and lien against the Proceeds and will not knowingly create additional security interests or liens (other than for legal fees and expenses) against the Proceeds without the prior written consent of ITex.

- The amount due ITex from the Proceeds is $440,000.00 plus 5% (five percent) of Proceeds over $3,000,000.00.

- If Pearson Simon Warshaw LLP stops representing Seller for any reason then the remaining funds in the attorney client trust account will be paid back to ITex within 30 days.

- The amount due ITex will be deducted from the Proceeds. If the Proceeds are insufficient to pay the full amount due to ITex, then ITex will only be paid what Seller would have received from the Proceeds prior to this sale of Proceeds. If there are no Proceeds then Seller will owe ITex nothing.

- In entering into this Agreement, the parties acknowledge ITex is in no way acquiring Seller's right to sue or make a bankruptcy claim; that Seller has already started the legal process that is the subject of this purchase; that the Lawsuit absolutely belong to Seller and no one else; and that ITex has made a passive investment and in no way will be involved in the Lawsuit decisions that Seller's attorneys and Seller make in connection with the Lawsuit.

- Seller has irrevocably instructed its attorneys and any future attorneys representing it to cooperate with ITex and to provide periodic updates on the status of Seller's Lawsuit.

- The amount due ITex will be withheld from any money collected as a result of the collection of Proceeds and paid immediately upon collection to ITex. The amount due will be paid immediately after unpaid attorney fees including the expenses charged by Seller's attorney for costs, or which may have priority by law. Seller will receive no money from the Proceeds until ITex has been paid in full for its ownership interest in the Proceeds.

- There is a very real risk that ITex will receive nothing back from this investment. With litigation this complex, there are a number of possibilities that might delay the outcome for several years and reduce the ultimate Proceeds available to Seller and ITex.

- Seller irrevocably directs its attorneys, and any future attorneys representing it to honor ITex's security

interest and lien in the Proceeds. If ITex must engage the services of any attorney to collect the sum due ITex, then Seller will be responsible for reasonable attorney's fees and costs for such. The parties agree that a fee equal to one-third of the money due ITex is a reasonable and will be used for such purpose.

- Seller hereby waives any defense to payment of the sums due and promises not to seek to avoid payment of any money due to ITex under this Agreement.

- The parties will receive any notices required at the addresses listed above.

- If any provision of this Agreement shall be deemed invalid or unenforceable, it shall not affect the validity or enforceability of any other provision hereof. This written agreement represents the entire agreement between the parties. It may only be modified in writing. This Agreement takes precedence over any prior understandings, representations or agreements between the parties.

- The parties agree that any disputes that may arise out of this Agreement shall be adjudicated in Houston, Texas under Texas law. The party that initiates legal action may use either the Texas State Court, US Federal Court or binding arbitration.

- If there is a dispute between the parties over funds received by Seller's attorney, the parties hereby irrevocably instruct Seller's attorney to place the disputed funds in a Texas State Court interpleader

procedure in Houston, Texas. The losing party in the interpleader will reimburse Seller's attorney for any additional cost of executing this instruction.

- This Agreement may be executed in separate counterparts. A signature transmitted by fax or email of a pdf file shall be effective with the same force and effect as the original signature.

- Seller's attorney has reviewed this Agreement and advised the Seller prior to the Seller signing it.

- Seller may rescind this Agreement within five business days of this date, provided, that Seller returns all money given to Seller and to others on behalf of Seller by ITex simultaneously with Seller's rescission. In this case Seller must return the money via wire transfer to ITex.

- This Agreement represents a purchase of contingent proceeds by ITex and is not a loan for several reasons. If there are no Proceeds then the Seller will have no obligation to pay ITex. There is a very real risk that ITex may receive nothing back from this purchase of Proceeds if the Seller is unsuccessful in its litigation, potential successful appeal by the defendants or collection of any judgment. The Seller is not recording the funds received under this transaction as a loan or liability in its accounting records. On the other hand, all loans are booked as liabilities under generally accepted accounting principles. In addition, this transaction is not a loan because there is no defined interest rate and no definite time period in which ITex

is guaranteed repayment. If ITex believed that the maximum it might receive would be limited to a small interest rate return it would never complete this transaction.

- However, if any court, arbitration panel or regulator deems this Agreement a loan (despite the explicit intentions expressed in this Agreement) then ITex will have the right to cure. ITex will cure and the Seller will allow this cure by converting this purchase of proceeds into a loan at the lower of the maximum interest rate allowed under the law or 300% per year simple annual interest rate. Any loan conversion of this transaction into a loan would make such loan full recourse to the Seller. If this purchase of proceeds transaction is converted to a loan under this paragraph then the Seller will pay ITex for all of ITex's actual legal fees for managing this contract change and any litigation associated with this contract modification.

- Seller declares under penalty of perjury that it is financially solvent and has no current plans to declare bankruptcy.

Client Name: **Paravue Corporation, by Lauren Barghout, CEO and Director**

_____ 4/9/14
Client (signature)
Notary:
State of _____ County
_____. This Funding Agreement was acknowledged before me on this _____ day of _____ 2014, by_____.


Client Name: **Paravue Corporation, by Zoran Kurtovic, Director**

_____ 4/9/2014
Client (signature)
Notary:
State of _____ County
_____. This Funding Agreement was acknowledged before me on this _____ day of _____ 2014, by_____.


Incline Texas LLC,
A Texas LLC


_____
By:  John R. Sherriff, Manager

# Certification of Acknowledgement

State of California

County of Contra Costa

On 4/9/2014 before me Fermin Con-ui Torralba III - Notary Public, personally appeared LAUREN BARGHOUT AND ZORAN IVAN KURTOVIC who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledge to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and seal.

_(Signature)_ (Seal)

FERMIN CONUI TORRALBA III
COMM. #2024195
NOTARY PUBLIC • CALIFORNIA
CONTRA COSTA COUNTY
Commission Expires MAY 11, 2017

_____Additional Optional Information_____

Although law does not require the information in this section, it could prevent fraudulent removal and reattachment of this acknowledgement to an unauthorized document and may prove useful to person(s) relying on the attached document.

DESCRIPTION OF THE ATTACHED DOCUMENTS

Purchase Agreement

(Title or description of attached document)

Number of pages 7   Document date 4/9/2014

CAPACITY CLAIMED BY SIGNER

Ⓞ Individual(s)

O Corporate Officer

O Partner(s)

O Attorney-In-Fact

O Trustee(s)

O Other_____